Katherine A. KENNEDY, Plaintiff,

v.

Patricia HARRIS, Secretary Health, Education and Welfare, Defendant.

Civ. No. 78–0797.

United States District Court, S. D. California.

June 11, 1980.

Charles Wolfinger, Legal Aid Society of San Diego, Inc., San Diego, Cal., for plaintiff.

Robert E. Noel, Asst. U. S. Atty., San Diego, Cal., Anne B. Sobol, Atty. for the Federal Programs Branch of the Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM DECISION

ENRIGHT, District Judge.

This opinion addresses certain objections of the Secretary of the Department of Health and Human Resources to the magistrate's proposed findings and order regarding class certification in the above entitled action. The Secretary objects to two of the magistrate's determinations. First, she contends that the magistrate erred in finding that the court had jurisdiction over this action under both the Social Security Act, and under 28 U.S.C. § 1361. The Secretary argues that the Act is an exclusive avenue for relief from denials of supplemental security income. Second, the Secretary contests the scope of the class as defined by the magistrate's proposal. The named plaintiff, Katherine Kennedy, on the other hand contends that alternative jurisdiction under section 1361 has been approved by the Ninth Circuit, and that a more limited definition of the class in this case would be fruitless since the Secretary's intentions with regard to the challenged policy are clear. Upon consideration of the memoranda filed by the parties and the issues raised at oral argument, and for the reasons set forth below, the court hereby denies the defendant's motion to alter the magistrate's proposed order, and adopts that order with a single alteration deleting lines 5–17 of page 10.

This lawsuit was brought as a class action by the named plaintiff, Katherine A. Kennedy, challenging a policy of the Secretary of the Department of Health and Human Resources. The challenged policy was instituted in March 1977, and requires that income which is given to ineligible spouses of SSI recipients be counted as earned income to the family unit for the purposes of determining entitlement to SSI benefits. The income in question is wages of an ineligible spouse for caring in the home for an SSI

eligible spouse. These wages were paid to "caretaker" spouses by the State of California under its In Home Supportive Services Program (IHSS), which is funded in large measure by federal Title XX funds. The state instituted the program in an effort to provide adequate care for the aged and disabled outside of an institution.

The policy excluding IHSS payments from income was changed by an internal memorandum from the Secretary sometime in March of 1977; it was followed by notices sent to numerous recipients of SSI benefits that they could no longer qualify due to gross income exceeding the allowed limits.

The problems which this change wrought upon the plaintiff class are best illustrated by describing the situation of Mrs. Kennedy, the named plaintiff. Mrs. Kennedy began receiving SSI on January 1, 1974, as the result of a severe physical impairment. In October of 1974, Mrs. Kennedy's husband quit his job as a tuna fisherman to provide care for her under the IHSS program. Mr. Kennedy received IHSS payments for assuming the sole responsibility for his wife's care from October of 1974 until May of 1977, when he received a notice that the plaintiff's SSI benefits would be terminated effective May 1, 1977. The reason given was the change in the Secretary's "deeming" policy—the policy for determining what constituted attributable outside income to be counted towards SSI eligibility. Deeming the IHSS funds as income raised the plaintiff's income above the statutory limits, thereby making her ineligible for any SSI benefits.

Following the receipt of the notice of termination, the plaintiff made a request for reconsideration, which was denied. She then made a request for a hearing after which the ALJ upheld the initial determination. Mrs. Kennedy then filed a request for review to the appeals council which affirmed the decision of the ALJ on May 19, 1978. Plaintiff then filed a complaint seeking judicial review in this court on behalf of herself and others similarly situated.

That action alleges that the Secretary's current policy with regard to IHSS payments is invalid because it was adopted contrary to procedures prescribed by federal law and the Due Process Clause of the United States Constitution. The plaintiff alleges violations under 5 U.S.C. §§ 552(a)(1)(C), (D) and 553(b), common law administrative principles, the Due Process Clause of the Fifth Amendment, and relevant sections of the Code of Federal Regulations. Jurisdiction is asserted under 42 U.S.C. § 405(g) of the Social Security Act and the Mandamus Statute, 28 U.S.C. § 1361.

This matter was referred to a magistrate for, among other things, consideration of jurisdictional issues and recommendations regarding the definition of the class. On May 19, 1980, the magistrate issued his proposed order which the defendant contests in the instant exceptions.

The defendant first objects to the magistrate's finding that there is alternative jurisdiction in this matter under the federal mandamus statute, 28 U.S.C. § 1361. The defendant argues that section 405(h) of the Social Security Act clearly establishes that 405(g) is the exclusive avenue for federal relief from denial of SSI benefits. The Secretary cites no cases, but rather makes an argument based on § 405 and its legislative history. Section 405(g) reads, in pertinent part, as follows:

"Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of the notice of such decision or within such further time as the Secretary may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides or has his principal place of business . . . ."

Section 405(h) sets the parameters for review under (g) as follows:

"The findings and decision of the Secretary after a hearing shall be binding

upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover a claim arising under this chapter."

The defendant argues that since 28 U.S.C. § 1361 was enacted after section 405(h), it could not have been specifically excluded from the list of jurisdictional remedies available to a complaining SSI recipient, as were 28 U.S.C. §§ 1331 and 1346. They contend that the elimination of jurisdiction under these latter sections evinces an intent on the part of Congress to make section 405(g) an exclusive remedy. The defendant notes that 28 U.S.C. § 41 of the old procedural statute covered all federal question jurisdiction, and since it was also previously excluded as a remedy by the Social Security Act, Congress obviously intended to leave out mandamus jurisdiction occurring under the same title as section 41 and later sections 1331 and 1346.

The problem with this argument is threefold. First, Congress has had ample time to exclude section 1361 since it was enacted, and has not done so. Second, the Supreme Court has considered whether alternative jurisdiction is appropriate under the mandamus statute and has apparently left the question open. In *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), the Court confronted the question of § 1361 jurisdiction in a social security context and refused to decide the question leaving it for later resolution in the following language:

"Given our conclusion that jurisdiction in the District Court was proper under 405(g) we find it unnecessary to consider Eldridge's contention that notwithstanding 405(h) there was jurisdiction over her claim under the mandamus statute 28 U.S.C. § 1361 . . . ."

More recently, in the case of *Elliott v. Weinberger*, 564 F.2d 1219 (9th Cir. 1977), the Ninth Circuit held that where a case involves a due proces challenge to the procedures used by the Secretary in recouping benefits, the beneficiaries are entitled to mandamus jurisdiction under section 1361. The court found mandamus jurisdiction appropriate in the following words:

"Nor does any clear and convincing evidence exist that Congress intended to limit mandamus jurisdiction at all by 405(h). . . . In at least one other instance where Congress intended a statutory limitation to encompass § 1361, a specific amendment to the limiting statute was made." *Id.* at 1227.

Since there is no explicit direction from the United States Supreme Court limiting alternative jurisdiction under 28 U.S.C. § 1361, this court is bound to follow the ruling of the Ninth Circuit in the *Elliott* case, which would allow such jurisdiction. Accordingly, the defendant's objections to the magistrate's finding of jurisdiction under 28 U.S.C. § 1361 is denied.

The defendant next contests the class definition because it does not limit the class to the individuals who have exhausted administrative remedies to the point where "they have received decisions stating that the sole reason for the adverse decision is the challenged policy."

Section 405(g) contains a final decision requirement which has two elements, only one of which is "non-waivable" in the sense that neither the courts nor the Secretary can waive it. The "non-waivable" element is that a claim for benefits must have been presented to, and be before, the Secretary for consideration. The "waivable" element is that a party be required to exhaust administrative remedies before proceeding in federal court. In this type of case, the courts have held that exhaustion is "waivable" by either the Secretary or the court. *See, e. g., Mathews v. Eldridge, supra.*

Two cases provide guidance with respect to this principle of waiver of exhaustion. In the case of *Liberty Alliance of the Blind v. Califano*, 568 F.2d 333 (3rd Cir. 1977), the court analyzed Justice Rehnquist's opinion in the case of *Weinberger v. Salfi*, 422 U.S. 749, 761, 95 S.Ct. 2457, 2464, 45 L.Ed.2d 522 (1975). The *Liberty* court concluded:

"Justice Rehnquist's reasoning about the inutility of exhausting remedies on a legal issue on which the Secretary has had ample opportunity to take a definitive position, and indeed has done so, applies equally to multiple claimants presenting an identical legal issue. Requiring multiple exhaustion on the same issue would involve the same "commitment of administrative resources unsupported by any administrative or judicial interest" that Justice Rehnquist so aptly condemned in *Salfi.*" *Liberty Supra* at 345.

On the same issue, the court in *Jones v. Califano*, 576 F.2d 12, 20 (2d Cir. 1978), noted that time is a precious commodity for the poor and disabled, and should not be squandered by needless exhaustion where it is apparent that a dispute involves only a question of statutory construction, and case-by-case adjudication can vindicate no legitimate agency policy.

■ In the instant case, Mrs. Kennedy pursued her case through every available administrative channel, giving the Secretary a chance to rule on her IHSS benefits policy. The Secretary rejected Mrs. Kennedy's claims on the basis of policy, making it clear that it is her intention to retain the policy "deeming" IHSS payments as income to SSI recipients. Under these circumstances, full exhaustion for all class members would be a waste of precious time and resources of the type decried by the case law. Accordingly, the court would deny the defendant's objection which seeks to require further exhaustion as a condition of class membership.

The defendant next raises the issue of the "non-waivable" requirement that all plaintiffs have presented a "claim" to the Secretary. The Secretary alleges that this requirement should restrict class membership to those plaintiffs who have presented a formal application for reconsideration of a denial of SSI benefits to the Secretary. The plaintiffs state that no such restriction is necessary, and that the case law requires only that a member of the class have previously filed for, and been receiving benefits under the SSI program.

In the case of *Mathews v. Diaz*, 426 U.S. 67, 96 S.Ct. 1883, 48 L.Ed.2d 478 (1976), the Court found that the condition requiring that a claim be presented to the Secretary was satisfied by the mere filing of an application for benefits. In that case, the Court allowed the plaintiff, who was an alien, to file a supplemental complaint, which gave him time to file a formal application for benefits which he had initially omitted to do. The Court in *Mathews* did not require that Mr. Espinoza also file a formal administrative claim for reconsideration for denial of benefits.

■ Mere termination of benefits which a plaintiff has been receiving fulfills the requirement of "presenting a claim." *Ellison v. Califano*, 546 F.2d 1162, 1164 (5th Cir. 1977); *Wilson v. Edelman*, 542 F.2d 1260, 1270–71 (7th Cir. 1976). Accordingly, the court would reject a definition, offered by the defendant, which would limit the class to recipients who have filed a formal claim for reconsideration.

■ The Secretary's final objection to the class definition seeks to limit the class to those recipients who were mailed a reconsideration notice sixty days before the plaintiff filed this suit. Such a limitation presents serious problems. First, the class is alternatively certified under the jurisdiction of 28 U.S.C. § 1361 which does not have a time limitation provision. Second, the rule requiring that a party file an application for reconsideration within sixty days of the termination of benefits is designed for the traditional purposes of preserving the freshness of witnesses' memories and effectuating the efficient obtaining of evidence which has not grown stale or disappeared over time. In the instant case, the Secretary has had occasion to consider Mrs. Kennedy's challenge to her policy within three months after that policy became effective. Thus, the Secretary has had an opportunity to evaluate the effects of her policy shortly after its inception while relevant factual material was still fresh.

The other class members' claims will be similar to Mrs. Kennedy's with few if any individual fact questions which would require notice to the Secretary, or necessitate foreclosure of review after sixty days. Where the purpose of the sixty day rule is to forestall the filing of belated or stale claims, it is not so compelling in a class action like this one based on a challenge to a policy of the Secretary which applies in the same manner to all litigants.

In an analogous context, courts have held that plaintiffs in EEOC cases may be part of a class where they could have made a claim on or after the earliest claim filed by a named plaintiff. *See, e. g., Inda v. United Airlines, Inc.,* 83 F.R.D. 1 (N.D.Cal.1979); *Harriss v. Pan American World Airways, Inc.,* 74 F.R.D. 24 (N.D.Cal.1977). In the case at hand, Mrs. Kennedy's claim would toll the statute for all those who could have filed a claim on or after the effective date of her claim. Mrs. Kennedy filed her claim within the sixty day rule and she was terminated on April 27, 1977. The Secretary's policy did not become effective until March 1977; Mrs. Kennedy's claim would thus toll the statute for substantially all recipients denied benefits because the IHSS income. For all the above reasons the court declines to add a sixty day requirement to the magistrate's recommended class definition.

One final matter regarding the magistrate's proposed order remains to be discussed. The plaintiffs seek to eliminate that portion of the order which addresses itself to class certification under Rule 23(b)(3) of the Federal Rules of Civil Procedure. The plaintiff did not seek certification under Rule 23(b)(3) and contends that it may create confusion about precertification notice. The court agrees. The class had been certified under Rules 23(a) and (b)(2). Accordingly, the court would adopt the magistrate's proposed order of May 19, 1980, excluding only page 10 lines 5–17. It is so ordered.