Eugene SULIE, Plaintiff-Appellant,

v.

Richard SCHWEIKER, Secretary of Health and Human Services, Defendant-Appellee.

No. 82–1007.

United States Court of Appeals, Seventh Circuit.

Submitted May 6, 1983.

Decided Aug. 26, 1983.[*]

Opinion March 26, 1984.

Eugene Keith Sulie, pro se.

R. Lawrence Steele, Jr., U.S. Atty., Hammond, Ind., Donald P. Moroz, Asst. U.S. Atty., South Bend, Ind., Gabriel L. Imperato, Dept. of Health & Human Svc., Baltimore, Md., for defendant-appellee.

Before CUMMINGS, Chief Judge, and BAUER and POSNER, Circuit Judges.

PER CURIAM.

Plaintiff Sulie appeals a district court order dismissing his complaint for failure

---

[*] This appeal was originally decided by unreported order on August 26, 1983. 718 F.2d 1104. See Circuit Rule 35. The panel has subsequently decided to issue the decision as an opinion.

to exhaust administrative remedies. Sulie sought injunctive relief staying the suspension of disability benefits pursuant to section 223(f)(1) of the Social Security Act, 42 U.S.C. § 423(f)(1). We affirm.

## I.

Sulie, an Indiana State prisoner, had been a recipient of disability benefits under the Social Security Act since 1977. In 1980, Congress enacted Public Law 96–473 suspending the payment of monthly disability benefits to inmates of penal institutions.[1]

Sulie was notified that his benefits were suspended effective October 1980. Sulie protested. Construing his letter of protest as a request for reconsideration, the reconsideration staff of the Office of Disability Operations affirmed the suspension, citing the statute and Sulie's statement that he was not participating in a rehabilitation program. Benefits were allowed to inmates participating in a rehabilitation program. Sulie was advised that he could request a hearing before an administrative law judge. Moreover, because Sulie alleged that the amended statute was unconstitutional, Sulie was advised that he could use the Expedited Appeals Process.

Instead, Sulie filed the instant *pro se* action seeking injunctive relief to prevent suspension of benefits without a hearing as required by 42 U.S.C. § 405(g). Sulie charges that his benefits were terminated in violation of the Fifth Amendment because (1) he did not receive a pre-termination hearing; (2) his failure to participate in a rehabilitation program is attributable to the state of Indiana rather than a failure on his part; and (3) he has not exhausted his post-conviction remedies and his conviction may yet be overturned. Defendants filed a motion to dismiss on the ground that Sulie had not exhausted his administrative remedies, hence, there was no final decision of the Secretary subject to judicial review.

The district court magistrate dismissed the complaint for failure to exhaust administrative remedies. The court itself determined that (1) Sulie was not entitled to a pretermination hearing, *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), and (2) Sulie may obtain either general or expedited review as set out in 20 C.F.R. § 404.923–.928 (1981). This appeal followed.

## II.

The Secretary contends that the district court lacked jurisdiction to hear Sulie's claims because Sulie failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 405(g) and (h). *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1974). Further, the Secretary urges that Sections 405(g) and (h) are the exclusive means provided by the Social Security Act for review of final decisions of the Secretary. Although language in *Salfi* appears to advocate exhaustion of administrative remedies and limited judicial review because "the Social Security Act provides both the standing and the substantive basis for presentation of ... constitutional contentions," 422 U.S. at 760, 95 S.Ct. at 2464, the courts have not held that these sections are the exclusive means of judicial review. See *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Wilson v. Edelman*, 542 F.2d 1260 (7th Cir.1976); *Kennedy v. Harris*, 87 F.R.D. 372 (S.D.Cal. 1980).

Section 405(g) states in relevant part that "Any individual, after any final decision of the Secretary made after a hearing to which he was a party ... may obtain review of such decision ..." The final decision of the Secretary consists of two elements: a nonwaivable requirement that a claim for benefits be presented to the Secretary and a waivable requirement of exhaustion of administrative remedies.

---

1. 42 U.S.C. § 423(f)(1) reads in pertinent part: "... no monthly benefits shall be paid under this section, or under section 202(d) by reason of being under a disability, to any individual for any month during which such individual is confined in a jail, prison, or other penal institution or correctional facility, pursuant to his conviction of an offense which constituted a felony under applicable law, unless such individual is actively and satisfactorily participating in a rehabilitation program ..."

*Mathews v. Eldridge*, 424 U.S. 319, 328, 96 S.Ct. 893, 899, 47 L.Ed.2d 18 (1976). The nonwaivable requirement may be satisfied, as in the case at bar, by a termination of benefits which a claimant had been receiving. *Wilson v. Edelman*, 542 F.2d 1260, 1270–71 (7th Cir.1976); *Kennedy v. Harris*, 87 F.R.D. 372, 376 (S.D.Cal.1980). Secondly, the exhaustion requirement may be waived if the Secretary's decision rested on a legal ground, *Mathews v. Diaz*, 426 U.S. 67, 96 S.Ct. 1883, 48 L.Ed.2d 478 (1976); *Wilson v. Edelman*, 542 F.2d 1260 (7th Cir.1976); *Kennedy v. Harris*, 87 F.R.D. 372 (S.D.Cal.1980). Or, it may be waived if the Secretary is satisfied that no further review is warranted either because the internal needs of the agency are fulfilled, or because the relief sought is beyond the Secretary's power to confer. *Mathews v. Eldridge*, 424 U.S. 319, 330, 96 S.Ct. 893, 900, 47 L.Ed.2d 18 (1976). In addition, the Secretary may waive by conduct the exhaustion requirement. *Mathews v. Diaz*, 426 U.S. 67, 76, 96 S.Ct. 1883, 1889, 48 L.Ed.2d 478 (1976). Thus, the two-step final decision is a prerequisite to judicial review but exhaustion of administrative remedies is not. See also *Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois v. Schweiker*, 715 F.2d 282 (7th Cir.1983).

 In the case at bar Sulie was the recipient of disability benefits prior to his conviction and subsequent incarceration. Thus, the termination of benefits satisfies the non-waivable requirement of presentation of a claim. *Wilson v. Edelman*, 542 F.2d 1260, 1270–71 (7th Cir.1976); *Kennedy v. Harris*, 87 F.R.D. 372, 376 (S.D.Cal. 1980). Our problem is whether insistence on the waivable requirement of exhaustion of administrative remedies may be a waste of resources, because termination of benefits rested on a legal ground.

Unquestionably, Sulie did not pursue his administrative remedies. In addition, the Secretary has not urged waiver of the exhaustion requirement because the relief sought is beyond the Secretary's power to confer; *Mathews v. Eldridge*, 424 U.S. 319, 330, 96 S.Ct. 893, 900, 47 L.Ed.2d 18 (1976), or that the decision to terminate was based on a legal ground, hence a requirement of exhaustion would be a waste of resources; *Mathews v. Diaz*, 426 U.S. 67, 96 S.Ct. 1883, 48 L.Ed.2d 478 (1976); *Kennedy v. Harris*, 87 F.R.D. 372 (S.D.Cal.1980); nor does the Secretary insist on exhaustion merely to defeat jurisdiction. *Wilson v. Edelman*, 542 F.2d 1260 (7th Cir.1976).

Instead the Secretary declines to waive the exhaustion requirement and urges that we defer and permit exhaustion of administrative remedies in this instance so that the agency may conduct fact finding to identify appropriate rehabilitation programs that would be acceptable under the statutory exception. The statute provides for continued benefits to recipients who are actively and satisfactorily participating in a rehabilitation program. Therefore, we defer to the Secretary's request in order to facilitate fact finding.

For the foregoing reasons, we affirm the judgment of the district court.