**Eugene K. SULIE, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

#### No. S 84–324.

United States District Court, N.D. Indiana, South Bend Division.

Feb. 17, 1987.

Eugene K. Sulie, pro se.

David H. Kreider, Asst. U.S. Atty., South Bend, Ind., for defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This case is brought pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g) for judicial review of the Secretary's final decision that the plaintiff is not entitled to disability benefits under the terms of 42 U.S.C. § 402(x). Mr. Sulie is an Indiana prisoner who began receiving benefits in 1977. In 1980, Congress enacted Public Law 96–473 suspending the payment of monthly disability benefits to inmates of penal institutions. On April 6, 1981, the plaintiff received a letter informing him that his payments would be suspended effective May 1981. Mr. Sulie then filed a complaint with this court on May 11, 1981. On July 23, 1981, the plaintiff received a letter stating that benefits were suspended effective October 1980, and claiming an overpayment of $2065.70. Plaintiff responded with a copy of his complaint and a letter dated July 30, 1981.

Construing this letter as a request for reconsideration, the administration affirmed suspension of benefits since Mr. Sulie was not involved in a prison rehabilitation program. The correspondence advised the plaintiff of his right to a hearing, and of the fact that since he alleged a constitutional issue, he could use the Expedited Appeals Process. Instead Mr. Sulie filed suit for injunctive relief in this court. The Magistrate dismissed the complaint for failure to exhaust administrative remedies. The United States Court of Appeals for the Seventh Circuit affirmed, 730 F.2d 1069 (1983), sending the matter back to the administration for fact-finding relative to the availability of appropriate rehabilitation programs.

The plaintiff subsequently filed for administrative reconsideration, whereupon the Administrative Law Judge (ALJ) determined that termination of benefits was proper. The Appeals Council approved this decision, which became the final determination of the Secretary on April 19, 1984. Plaintiff then filed the present § 405(g) lawsuit. The matter is before the court on the defendant's motion for summary judgment. Both parties have filed memoranda.

Mr. Sulie's *pro se* complaint alleged that suspension of his benefits constituted a violation of the First, Fifth, and Fourteenth Amendments of the Constitution of the United States, a violation of contract, "discrimination against a given *creed* ", "imposition of cruel and unusual punishment without due process", and imposition of an *ex post facto* law. His memorandum in opposition to summary judgment objected to the requirement of a rehabilitation program since that condition did not exist when he began receiving benefits. He further stated that his non-participation in rehabilitation is the fault of the State of Indiana.

The law which elicited the plaintiff's complaint is currently found in section 202(x) of the Social Security Act, 42 U.S.C. § 402(x)(1), and provides that

Notwithstanding any other provision of this title, no monthly benefits shall be paid under this section or under section 423 of this title to any individual for any month during which such individual is confined in a jail, prison, or other penal institution or correctional facility, pursuant to his conviction of an offense which constituted a felony under applicable law, unless such individual is actively and satisfactorily participating in a rehabilitation program which has been specifically approved for such individual by a court of law and, as determined by the Secretary, is expected to result in such individual being able to engage in substantial gainful activity upon release and within a reasonable time.

Although the Court of Appeals for this Circuit has not yet spoken on the matter, the constitutionality of SSA § 202(x) has been upheld by numerous courts. See *Zipkin v. Heckler*, 790 F.2d 16 (2d Cir.1986); *Washington v. Sec.*, 718 F.2d 608 (3d Cir. 1983); *Hopper, et al v. Schweiker*, 596 F.Supp. 689 (M.D.Tenn.1984), *aff'd*, 780 F.2d 1021 (6th Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 1522, 89 L.Ed.2d 920 (1986); *Peeler v. Heckler*, 781 F.2d 649 (8th Cir.1986); *Jensen v. Heckler*, 766 F.2d 383 (8th Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 311, 88 L.Ed.2d 288 (1985); *Jones v. Heckler*, 774 F.2d 997 (10th Cir.1985); *Buccheri–Bianca v. Heckler*, 768 F.2d 1152 (10th Cir.1985); *Andujar v. Bowen*, 802 F.2d 404 (11th Cir.1986).

In *Sulie v. Schweiker*, 730 F.2d 1069 (7th Cir.1983), the Court of Appeals directed the administration to conduct fact-finding for appropriate rehabilitation programs that would be acceptable under the statutory exception. The ALJ concluded that,

... on the basis of the evidence of record and the appropriate statutory and regulatory provisions, ... there is no appropriate rehabilitation program reasonably available to claimant as would be acceptable under the statutory provision....

The record indicates that in response to the decision of the Court of Appeals, the administration sent inquiries to the Indiana Rehabilitation Services, and to the Indiana Department of Corrections. Correspon-

dence with the Department of Corrections produced a response from the Assistant Superintendent of the Indiana State Prison. In essence these letters indicated that the plaintiff is not involved in rehabilitation and has never applied for any program. However, it is not at all clear that an application on Mr. Sulie's part would be of any consequence since the Vocational Rehabilitation Service has no regulation allowing a program except in the final stages of release.

■ A letter from the Assistant Superintendent of the Indiana State Prison dated December 30, 1983, reported that the plaintiff is serving a life sentence and is not eligible for parole consideration until 1996. Since the relevant statutory provision calls for participation in a program expected to result in substantial gainful employment within a reasonable time, the ALJ reasonably concluded that the plaintiff is not in a position to be brought under the exception to the statutory provision at this time.

A recent case from the Court of Appeals for the Eighth Circuit addressed issues quite similar to those presented by Mr. Sulie. See *Peeler*, 781 F.2d 649. Like Mr. Sulie, Mr. Peeler's benefits were suspended and notification was not received until some time later. Mr. Peeler stated issues *pro se* which the court rephrased as follows:

(1) Is 42 U.S.C. § 402(x)(1) an ex post facto law forbidden by Article I, § 9 of the Constitution?

(2) Do the provisions of § 402(x)(1) apply to an inmate who is not given an opportunity by the state to participate in an approved rehabilitation program?

(3) Did the District Court err in upholding the repayment order of the Secretary?

■ With respect to the first issue, this court agrees with the Eighth Circuit and other courts cited above, that the primary purpose of the statute is not punitive, that government benefits are non-contractual, and that the non-punitive purpose is grounded in reason, since prisoners already have their subsistence needs met by the imprisoning jurisdiction. Accordingly, § 402(x) does not violate due process, operate as a *ex post facto* law, nor constitute cruel and unusual punishment.

■ In disposing of the second issue which is apparently the situation in the instant case, the Eighth Circuit allowed a period of time for the plaintiff to apply to the sentencing court for an appropriate rehabilitation program, after which the Secretary would determine if the program would prepare the prisoner for substantial gainful employment within a reasonable time. This court agrees that it is not the province of the United States District Court to order a rehabilitation program nor to determine from a disability claim that the State must offer such a program to Mr. Sulie. Since it appears from the record that no program will be available to the plaintiff for several years at least, the court will not retain the matter on the docket as did the Eighth Circuit. At the appropriate time, and to the extent that programs are available to Mr. Sulie, he might wish to file a motion in the state court for approval of a rehabilitation program that would bring him within the exception, keeping in mind that one obvious reason for the rehabilitation exception is to allow the plaintiff to be in a position not to need the benefits upon his release, assuming positive practical effects from a program. Objections to the rehabilitation system are not matters to be resolved by this court in a complaint against the Secretary.

Although the ALJ's decision mentions in passing that the administration had at one time demanded a repayment of benefits by Mr. Sulie, these facts were not presented in the defendant's brief nor argued before this court. In effect, the third issue raised in *Peeler* was not raised here. Consequently, the holding of this case does not apply to any repayment of benefits which the Secretary may have at one time asserted against the plaintiff.

The court finds that the Secretary's decision to suspend Mr. Sulie's disability bene-

fits did not violate his constitutional rights, and that suspension was proper under the law. Therefore, the defendant's motion for summary judgment is granted.

SO ORDERED.