**In re Jessie F. MOYERS, Appellant.**

**No. 91–2996.**

United States Court of Appeals, Eighth Circuit.

Submitted March 26, 1992.

Decided April 3, 1992.

Andrew S. Mayfield, St. Louis, Mo., for appellant.

Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.

## PER CURIAM.

Jessie F. Moyers appeals from the district court's[1] order dismissing without prejudice for lack of jurisdiction his petition for certification of a prison rehabilitation program under 42 U.S.C. § 402(x)(1). We affirm.

Moyers alleged in his petition that at the time of his incarceration in 1990 at the Farmington Correctional Center (FCC) in Missouri, he was receiving social security disability benefits due to an impairment affecting his ability to communicate and to understand. He further alleged that, while serving his five-year sentence at FCC, he was participating in a social rehabilitation program designed to improve his communications skills and that his successful completion of the program would enable him to enter the work force upon his release from prison. Moyers sought certification of the prison rehabilitation program so that he could continue to receive disability payments.

The magistrate judge[2] recommended that the district court dismiss the case for lack of subject matter jurisdiction because, under *Peeler v. Heckler*, 781 F.2d 649, 652 (8th Cir.1986), the statute's reference to approval of a rehabilitation program by "a

court of law" referred to the state sentencing court and did not empower the federal court to make decisions concerning the correctional plans for individual inmates in state prisons. The magistrate judge further noted that, if the state court failed to approve Moyers's rehabilitation program, then other legal issues might arise which the district court could address. The magistrate judge stated, however, that the petition should be dismissed because Moyers had not alleged facts indicating that the state court denied approval for his program or that no mechanism for obtaining such approval existed.

Moyers objected to the magistrate judge's report, arguing that the District Court for the Western District of Missouri had approved petitions for certification and that certain state courts had refused to approve the prison programs on the ground that they lacked jurisdiction to do so. The district court, adopting the magistrate judge's recommendation, concluded that certification was a state function reserved for the court that imposed the sentence.

This court held in *Peeler* that "a court of the imprisoning jurisdiction, presumably the court that imposed the sentence," has the initial jurisdiction to approve an inmate's rehabilitation program for purposes of the Secretary's determination under 42 U.S.C. § 402(x)(1). *Id.* at 652. Thus, because Moyers has not requested the state court's approval of his rehabilitation program, we affirm the district court's dismissal of his petition without prejudice.

1. The HONORABLE EDWARD L. FILIPPINE, Chief Judge, United States District Court for the Eastern District of Missouri.

2. The HONORABLE FREDERICK R. BUCKLES, United States Magistrate Judge for the Eastern District of Missouri.