**UNITED STATES of America, Plaintiff–Appellee,**

v.

**William J. OSBORNE, Defendant–Appellant.**

**No. 90–2618.**

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 2, 1993.

Decided March 11, 1993.

---

Joseph R. Wall, Asst. U.S. Atty., Milwaukee, WI, for plaintiff-appellee.

Andra J. Palmer, Quarles & Brady, Milwaukee, WI, Donald K. Schott, Quarles & Brady, Madison, WI, for defendant-appellant.

Before POSNER and KANNE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

POSNER, Circuit Judge.

We are asked to consider the role of a federal district court in prison rehabilitation programs authorized by 42 U.S.C. § 402(x)(1). This statute provides that social security disability benefits shall not be paid to any imprisoned felon (federal or state) unless he "is actively and satisfactorily participating in a rehabilitation program which has been specifically approved for such individual by a court of law and, as determined by the Secretary [of Health and Human Services, the department in which the Social Security Administration is lodged], is expected to result in such individual being able to engage in substantial gainful activity upon release and within a reasonable time." Neither the legislative history, nor the administrative regulations promulgated under the statute, further illuminate the role envisaged for the "court of law" to which the statute refers.

Osborne, a federal prisoner whose social security disability benefits were terminated as commanded by the statute, devised his own rehabilitation program and asked the

court that had sentenced him to approve the program. The court refused, as had the district court in *Sulie v. Bowen*, 653 F.Supp. 849, 852 (N.D.Ind.), aff'd without opinion, 836 F.2d 552 (7th Cir.1987), an analogous case. Osborne had not requested the approval of the Social Security Administration.

 The statute requires approval of a prisoner's rehabilitation program by both "a court of law" and the Secretary of HHS. The court of law is not specified, there are no jurisdictional provisions, and no criteria for the court's approval of such a program are set forth. Criteria are set forth for the Secretary's approval. There is no prescribed sequence for seeking the two required approvals.

We must try to make some sense of this sparse and enigmatic statute, so far as it bears on the judicial role. We suppose, as did the Eighth Circuit in *Peeler v. Heckler*, 781 F.2d 649, 652 (8th Cir.1986), and *In re Moyers*, 960 F.2d 748 (8th Cir.1992) (per curiam), that "a court of law" must refer to the sentencing court. It would be senseless for Congress to have authorized any court in the land to pass on a program of physical rehabilitation for any prison inmate in the land, without any criteria to guide the court's decision; and anyway the statute contains no jurisdictional grants. The sentencing court will know something about the character of the inmate and hence the likelihood that he will make a serious effort at physical rehabilitation aimed at making him a productive rather than dependent member of society. Rehabilitation, albeit in a somewhat broader sense, is a traditional objective of criminal sanctions and hence a matter with which sentencing judges are familiar, though federal judges diminishingly so in the age of the sentencing guidelines. Physical rehabilitation that will enable a prisoner to become a productive worker and hence earn a higher lawful income is an aspect of rehabilitation in its broader sense of transforming a criminal into a law-abiding citizen.

It is true that the statute specifies no procedural mechanism by which the prisoner can seek the sentencing court's approval. Here the prisoner filed a postjudgment motion in the terminated criminal proceeding in which he had been sentenced, which is why the case is captioned as it is. We may assume that the statute should be interpreted to grant sentencing judges, at least in the federal system, continuing jurisdiction in their criminal cases to consider motions under the statute. Otherwise the legislative purpose would be completely thwarted.

We do not believe, however, that a sentencing judge is required to pass upon a prisoner's proposed rehabilitation program until it has been approved by the Social Security Administration. Analogy to such doctrines as abstention, primary jurisdiction, and exhaustion of administrative remedies suggests that the orderly sequence in which to process such a proposal is consideration first by the Social Security Administration, which has the relevant technical expertise, and then by the sentencing court, which can assess the appropriateness of the program in light of the prisoner's character, the nature of his crime, and other relevant considerations within the court's purview. Reversing this sequence would convert the federal district courts into tribunals of physical therapy, as well as raise questions under Article III's implied prohibition against federal judges' issuing advisory opinions. We thus respectfully disagree with a dictum in *Peeler v. Heckler, supra*, 781 F.2d at 652, but emphasize that the issue was not before the Eighth Circuit and that the court gave no reason for the sequence it prescribed. The holding of the case was merely that the prisoner was proceeding in the wrong court.

The district judge in our case thus was right to refuse to approve Osborne's proposed program of physical rehabilitation. He can return to the district court for approval when and if he has the approval of the Social Security Administration.

AFFIRMED.