F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**SEP 8 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JIMMY R. BULGIER,

        Petitioner-Appellant,

v.

SOCIAL SECURITY
ADMINISTRATION; NEDRA
AUTRY, Hearing Office
Manager/Office for Hearings &
Appeals; JANICE L. WORDEN,
Deputy Commissioner for Operations,

        Respondents-Appellees.

No. 96-1382
(D.C. No. 96-S-75)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before ANDERSON, BARRETT, and MURPHY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner appeals from a district court order denying his petition for a writ of mandamus under 28 U.S.C. § 1361. As explained below, all pertinent relief sought in the petition has been obtained through administrative concession. We therefore conclude the proceeding is moot, vacate the district court's disposition, and remand for entry of a judgment of dismissal without prejudice. See generally McClendon v. City of Albuquerque, 100 F.3d 863, 868 (10th Cir. 1996).

A summary of the grievances alleged and relief sought in the petition will adequately frame our mootness inquiry. Petitioner, legally blind since birth, has received social security benefits throughout his life. In 1993, he was imprisoned for a state felony conviction, which, under 42 U.S.C. § 402(x)(1), suspended his right to benefits. Despite petitioner's efforts to inform the Social Security Administration (SSA) of this circumstance through a third party, SSA continued to send benefit checks to his home, which apparently were cashed by the third party. Eventually, SSA realized the mistake, suspended petitioner's benefits, and sought recoupment of the overpayments first from petitioner and then from his parents, who also receive benefits from SSA.

Petitioner asked SSA to cease its wrongful demands on his parents and to waive recoupment from himself. He also sought recognition of his participation in a vocational rehabilitation program since 1993, which would have exempted

him from the suspension of benefits under § 402(x)(1) altogether.[1]  After SSA

failed to respond properly to his requests for hearings and appeals, petitioner filed

this action to compel SSA to provide him prescribed waiver-of-overpayment

procedures, see 42 U.S.C. § 404; 20 C.F.R. §§ 404.501-404.526, and to enjoin the

collection efforts directed at his parents.  He also sought judicial approval of his

rehabilitation program, a prerequisite for the § 402(x)(1) exemption; however, as

the district court never had jurisdiction to contemplate such approval, which must

be obtained from the inmate's sentencing court, see In re v. Moyers, 960 F.2d

748, 749 (8th Cir. 1992); see also United States v. Osborne, 988 F.2d 47, 49 (7th

Cir. 1993), we consider this matter no further.

The primary issue in this case concerns SSA's forebearance regarding

recoupment of the benefits mistakenly paid during petitioner's incarceration.

Petitioner states that SSA has granted him all the relief sought in this regard.

Accordingly, the matter is moot.  See F.E.R. v. Valdez, 58 F.3d 1530, 1533 (10th

Cir. 1995).

Petitioner also raises a costs issue that is not obviated by mootness of the

merits. See Dahlem ex rel. Dahlem v. Denver Bd. of Educ., 901 F.2d 1508, 1511

---

[1]     Prior to its amendment in 1994, § 402(x)(1) enabled incarcerees to avoid suspension of their benefits by participating in approved rehabilitation programs. The 1994 amendment eliminated this exception for benefits paid beginning February 1995.  See Rowden v. Warden, 89 F.3d 536, 537 & n.2 (8th Cir. 1996).

(10th Cir. 1990). But this matter, which is complicated by nontrivial "prevailing party" considerations, <u>see, e.g.</u>, <u>id.</u>, was not pursued in the district court, to which it should have been addressed in the first instance and, thus, we do not consider it. <u>See</u> <u>Matei v. Cessna Aircraft Co.</u>, 35 F.3d 1142, 1148 (7th Cir. 1994). <u>See also</u> <u>Wilson v. Union Pac. R.R. Co.</u>, 56 F.3d 1226, 1233 (10th Cir. 1995).

Finally, petitioner contends he is entitled to benefits under the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213, and the Rehabilitation Act of 1973, 29 U.S.C. §§ 701-797b, to fund the rehabilitation program he pursued in connection with his efforts to forestall suspension of benefits under § 402(x)(1). While he alluded to Rehabilitation Act and ADA grievances against the state department of corrections, petitioner did not assert any such claims against SSA in the instant petition. Whatever entitlements, if any, he might have in this regard are not properly before this court.

The appeal is DISMISSED and the case is REMANDED with directions to vacate the order denying the petition and dismiss without prejudice.

Entered for the Court

Michael R. Murphy
Circuit Judge

-4-