Benjamin F. WASHINGTON, Appellant,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES.

No. 82–5572.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Sept. 29, 1983.

Decided Oct. 11, 1983.

Benjamin F. Washington, pro se.

W. Hunt Dumont, U.S. Atty., Newark, N.J., Jerome B. Simandle, Asst. U.S. Atty., Trenton, N.J., for appellee.

Before HUNTER, GARTH and MARIS, Circuit Judges.

## OPINION OF THE COURT

MARIS, Circuit Judge.

The plaintiff, Benjamin F. Washington, an inmate of the New Jersey State Prison at Trenton who is serving a sentence imposed following his conviction of a felony, appeals from the decision of the district court dismissing his complaint against the defendant, the Secretary of Health and Human Services, for terminating, pursuant to the mandate of the amendatory Act of October 19, 1980, Pub.L. No. 96–473, 94 Stat. 2263, 2265, his disability payments under the Social Security Act. For the reasons hereinafter stated we affirm.

The plaintiff argues in this court that he has been denied both procedural and substantive due process of law by the defendant's action terminating his disability payments. So far as concerns procedural due process, the claim is utterly devoid of merit. The plaintiff was given notice and an opportunity to submit relevant facts and thereafter to have an evidentiary hearing before an administrative law judge. In-

stead, he chose, as he was authorized to do by relevant regulations, to waive such administrative procedure, accept the factual determination of the defendant and proceed at once to an expedited hearing before the district court on his legal claims. Having agreed in writing to this waiver and expedited procedure, he cannot now be heard to contend that he has been denied the procedural right to an administrative hearing which he formally waived.

We turn then to the plaintiff's claim that the defendant's action deprived him of property without due process of law. The statute under which the defendant terminated the disability payments which had been previously granted to the plaintiff was the Act of October 19, 1980, Pub.L. No. 96–473, 94 Stat. 2263, 2265, which amended section 223 of the Social Security Act by adding, inter alia, subsection (f)(1) reading as follows:

> Notwithstanding any other provision of this subchapter, no monthly benefits shall be paid under this section, or under section 402(d) of this title by reason of being under a disability, to any individual for any month during which such individual is confined in a jail, prison, or other penal institution or correctional facility, pursuant to his conviction of an offense which constituted a felony under applicable law, unless such individual is actively and satisfactorily participating in a rehabilitation program which has been specifically approved for such individual by a court of law and, as determined by the Secretary, is expected to result in such individual being able to engage in substantial gainful activity upon release and within a reasonable time.

42 U.S.C.A. § 423(f)(1). In Senate Report No. 96–987, 96th Cong., 2nd Sess., upon the bill, H.R. 5295, which became the Act of 1980, the committee stated:

> The committee believes that the basic purposes of the social security program are not served by the unrestricted payment of benefits to individuals who are in prison or whose eligibility arises from the commission of a crime. The disability program exists to provide a continuing source of monthly income to those whose earnings are cut off because they have suffered a severe disability. The need for this continuing source of income is clearly absent in the case of an individual who is being maintained at public expense in prison. The basis for his lack of other income in such circumstances must be considered to be marginally related to his impairment at best.

> The committee bill therefore would require the suspension of benefits to any individual who would otherwise be receiving them on the basis of disability while he is imprisoned by reason of a felony conviction. This suspension would apply except to the extent that a court of law specifically provides to the contrary as a part of its approval of a plan of vocational rehabilitation services for that individual, and only for so long as the individual continues to participate satisfactorily in an approved vocational rehabilitation program which is expected to result in his return to substantial gainful employment.

1980 *U.S.Code Cong. & Ad.News* 4787, 4794–4795.

It is settled that participation in the social security system is a noncontractual benefit under a social welfare program. *Flemming v. Nestor*, 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960); *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). Such benefit is noncontractual, as the Supreme Court has explained, because the amount a worker or his dependents may be entitled to receive is not in any true sense dependent upon the degree to which he was called upon to support the system by taxation. Social security is, however, nonetheless an earned program and not a welfare program for the benefit of needy persons. *Califano v. Jobst*, 434 U.S. 47, 52, 98 S.Ct. 95, 98, 54 L.Ed.2d 228 (1977). But that fact does not limit the power of Congress to fix the levels of benefits under the Act or the conditions upon which they may be paid. *Richardson v. Belcher*, 404 U.S. 78, 92 S.Ct. 254, 30 L.Ed.2d 231 (1971).

In considering the withholding of a noncontractual benefit under a social welfare program such as this, "the Due Process Clause can be thought to interpose a bar only if the statute manifests a patently arbitrary classification, utterly lacking in rational justification." *Flemming v. Nestor,* 363 U.S. 603, 611, 80 S.Ct. 1367, 1372, 4 L.Ed.2d 1435 (1960). We are satisfied that the classification which is here involved was not an arbitrary one. On the contrary, as pointed out in the Senate committee report from which we have quoted, the exclusion of felons from disability payments while they are incarcerated and not engaged in a rehabilitation program has a perfectly rational justification in the fact that the expenses of shelter, food, clothing and medical care, which it is the purpose of the disability payments to help defray, are, in the case of an incarcerated felon such as the plaintiff, being provided for him free of charge by the prison authorities. The plaintiff's claim to have been denied due process of law by the operation of the statute in question is thus seen to be wholly without merit.

Finally, the plaintiff presents in this court an equal protection contention. It is that, while the Act permits the continuance of disability payments to any incarcerated felon who is participating in an approved rehabilitation program, he, the plaintiff, can never again while in prison receive his disability payments because of the defendant's action. This contention is without merit. The statute in question merely provides for the nonpayment of disability payments *for any month* during which an individual is confined pursuant to his conviction of a felony and is not participating in an approved rehabilitation program. There is nothing in the statute which would prevent an inmate from being admitted to a rehabilitation program, approved by the appropriate court, at any time during his incarceration. There would, therefore, appear to be no reason why the plaintiff's previously approved disability allowance would not again become due and payable to him if in any subsequent month he should be admitted to and actively and satisfactorily participate in such an approved program which is expected, as determined by the Secretary, to result in his being able to engage in substantial gainful activity upon release and within a reasonable time.

The judgment of the district court will be affirmed.