## Romie P. HOPPER

### v.

## Richard S. SCHWEIKER, Secretary of Health and Human Services.

### No. 81–3630.

United States District Court,
M.D. Tennessee,
Nashville Division.

Sept. 26, 1984.

**690**

Frank S. Block, Nashville, Tenn., for plaintiff.

John Williams and Judith Ledbetter, Asst. U.S. Attys., Nashville, Tenn., for defendant.

## MEMORANDUM AND ORDER

JOHN T. NIXON, District Judge.

This action brought by Romie P. Hopper seeks to declare unconstitutional 42 U.S.C. § 402(x),[1] which suspends social security benefits for prisoners convicted of felonies for the duration of their incarceration unless the prisoner is involved in a court approved rehabilitation program. This case is before the Court on plaintiff's motion for class certification and on cross motions for summary judgment. For the reasons stated below, plaintiff's motions for class certification and summary judgment are DENIED, and defendant's motion for summary judgment is hereby GRANTED.

The plaintiff is an inmate in the Tennessee State Penitentiary.[2] He received social security disability benefits until notified by the Department of Health and Human Services that effective October 1, 1980, his benefits would be suspended pursuant to 42 U.S.C. § 402(x)(1). Mr. Hopper also received notice that the rehabilitation program he was enrolled in did not qualify under § 402(x)(1) to prohibit suspension of his benefits. The parties agree that Mr. Hopper is not participating in any court approved rehabilitation program. Mr. Hopper duly exhausted his administrative rem-

---

1. Since the filing of this suit, Congress has repealed 42 U.S.C. § 423(f) and substituted in its place 42 U.S.C. § 402(x), which is almost identical in wording to Section 423(f). This change has no impact on this lawsuit. *See* Section 339 of the Social Security Amendments of 1983, Public Law 98–21, 97 Stat. 134 (passed April 20, 1983).

2. Although plaintiff consistently refers to three plaintiffs, the Court reminds plaintiff that the Court has dismissed Jerry Treadaway and Herman Vitatoe from this suit.

edies; thus, this Court has jurisdiction to hear this case. 42 U.S.C. § 405(g).

Plaintiff seeks class certification pursuant to FED.R.CIV.P. 23 on behalf of all individuals similarly situated. The alleged class is composed of all persons who are presently or will be confined to penal or correctional facilities in Tennessee who have been or will be suspended from receipts of Social Security Disability Insurance Benefits because of a felony conviction. Plaintiff further limits the class "to those persons who have responded to the suspension of their Disability Insurance Benefits by filing requests for reconsideration or by submitting to defendant another writing objecting to the suspension." Plaintiff's Memorandum in Support of Summary Judgment and Class Certification, at 4.

A district court has wide discretion in determining whether a particular case should proceed as a class action. *Cross v. National Trust Life Ins. Co.*, 553 F.2d 1026, 1029 (6th Cir.1977). Plaintiffs seeking class certification have the burden of satisfying all four of the requirements of Rule 23(a) and then of demonstrating that the class falls within one of the subcategories of Rule 23(b). *Senter v. General Motors Corp.*, 532 F.2d 511 (6th Cir.), *cert. denied*, 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976). Moving plaintiffs must do more than simply recite the provisions of Rule 23 to the Court; a convincing argument must be made for each requirement. *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1312 (9th Cir.1977); *Duncan v. State of Tenn.*, 84 F.R.D. 21, 27 (M.D. Tenn.1979).

Rule 23(a) requires the party seeking class certification to prove the following: (1) that the class is so numerous that joinder is impracticable, (2) that questions of law or fact are common to the class, (3)

that claims or defenses of named parties are typical of the claims or defenses of the class, and (4) that the named parties will fairly and adequately protect the interests of the class.

In the case at bar, the plaintiff has failed to meet its requirements of proof as to numerosity. As stated above, plaintiff has limited the class to prisoners whose disability benefits have been suspended because of a felony conviction and who have objected to that determination. The only support as to numerosity is the affidavit of Mr. Bill Little, a field representative of the Social Security Administration. Mr. Little estimates that, based on conversations with other social security employees, between forty and forty-five prisoners in Tennessee have had their benefits suspended as of February 19, 1982. The plaintiff, however, in limiting the class to prisoners who have actually objected to that determination, has shown no evidence as to how many of the forty to forty-five prisoners have objected. The number of inmates who have actually objected is crucial to plaintiff's motion for class certification inasmuch as final review by the Secretary is necessary to convey subject matter jurisdiction on this Court. 42 U.S.C. § 405(g). Section 405(g), also known as Section 205(g) of the Social Security Act, requires, in part, that "[a]ny individual, after any final decision of the Secretary made after a hearing to which he was a party, ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision...." Section 405(g) is the exclusive route for judicial review of the Secretary's decision. 42 U.S.C. § 405(h).[3] *See Weinberger v. Salfi*, 422 U.S. 749, 762, 95 S.Ct. 2457, 2465, 45 L.Ed.2d 522 (1975).

---

**3.** Section 405(h) provides:

The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. *No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provid-*

*ed.* No action against the United States, the Secretary, or any officer or employee thereof shall be brought under Section 41 of Title 28 to recover on any claim arising under this subchapter. (emphasis added).

42 U.S.C. § 405(h).

■ The Supreme Court interpreted section 405(g) in *Weinberger* and found that actions commenced under section 405(g) must satisfy three requirements: (1) a non-waivable requirement that the Secretary make a final decision after a hearing, (2) a waivable requirement that the action be commenced within sixty days after the Secretary's decision is mailed, and (3) a waivable requirement that the action is filed in the appropriate district court. *Id.* at 763–64, 95 S.Ct. at 2465–66. The nonwaivable requirement that the Secretary make a final decision is "central to the requisite grant of subject-matter jurisdiction" of the district court. *Id.* at 764, 95 S.Ct. at 2466. Before a decision of the Secretary is a "final decision", a claimant must exhaust administrative remedies. *Id.* at 765, 95 S.Ct. at 2466; *Mathews v. Eldridge*, 424 U.S. 319, 328, 96 S.Ct. 893, 899, 47 L.Ed.2d 18 (1976). The plaintiff has shown no estimate as to the number of prisoners who object to the suspension of their disability benefits. Therefore, the Court DENIES plaintiff's motion for class certification.

■ Plaintiff's principal argument on the merits of this case is that the suspension of his disability benefits constitutes a deprivation of property rights without due process of law in violation of the Fifth Amendment to the United States Constitution. He argues that Section 423(f) is an arbitrary classification unrelated to any legitimate governmental interest, that it is intended to punish an unpopular group, and that the program unreasonably discriminates against Tennessee prisoners because Tennessee prisoners are unable to obtain placements in court-approved rehabilitation programs.

First, plaintiff maintains that social security disability differs from welfare assistance in that disability benefits are not based on need. *Mathews v. Eldridge*, 424 U.S. at 340, 96 S.Ct. at 905. Plaintiff contends that because he has earned the right to disability payments because of taxes paid based on his earnings, the government may deny those benefits only if the government is attempting to achieve a legitimate governmental purpose. *See Richardson v. Belcher*, 404 U.S. 78, 92 S.Ct. 254, 30 L.Ed.2d 231 (1971). Plaintiff insists that Congress has denied benefits to plaintiff because it deems that disabled convicted felons have less need than non-prisoners for the benefits and that this objective is inconsistent with the non-need orientation of the system. Furthermore, even if lack of need is a proper basis for the suspension, plaintiff emphasizes his need for newspapers, cigarettes, and toilet articles as well as the ineligibility of many disabled prisoners to earn money in work programs because of their disabilities, although plaintiff did not claim that he is ineligible for work programs. Plaintiff also points out that other disabled persons confined to institutions other than prisons do not have their benefits suspended while institutionalized.

In *Flemming v. Nestor*, 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960), the Court emphasized that it was not Congress' intent to create in the Social Security System a rigid system of property rights so that "every defeasance of 'accrued' interests [would be] violative of the Due Process Clause of the Fifth Amendment." *Id.* at 610–11, 80 S.Ct. at 1372–73. Nevertheless, the Court firmly stated that the Due Process Clause did provide protection against arbitrary governmental action vis-a-vis the Social Security system. *Id.* at 611, 80 S.Ct. at 1372. Eschewing a judicial role in ratifying the wisdom of Congressional judgment, the Court held that "the Due Process Clause can be thought to interpose a bar only if the statute manifests a patently arbitrary classification, utterly lacking in rational justification." *Id.*

The burden on plaintiff in this action is to prove that the suspension of benefits to convicted and incarcerated felons not participating in court approved rehabilitation programs is arbitrary and void of any rational justification. Furthermore, this Court will not engage in any second-guessing of Congress as to any alleged inconsistency in the Social Security system. The Court concludes that plaintiff has not satis-

fied this burden. Congress clearly intends the disability benefits to aid the injured worker in anticipation of the impact of the worker's loss of earnings. *Mathews v. de Castro,* 429 U.S. 181, 185–86, 97 S.Ct. 431, 434–44, 50 L.Ed.2d 389 (1976). In deciding to suspend the disability benefits of incarcerated felons, Congress made a determination that the needs of such persons are not as great as the needs of others. *See* S.Rep. No. 96–987, 96th Cong., 2d Sess., upon the bill H.R. 5295 as reported in 1980 *U.S. Code Cong. & Ad.News,* 4787, 4794–95. The Court finds unconvincing plaintiff's argument that his need for "newspapers, cigarettes, and toilet articles" indicates that the decision of Congress was arbitrary. The fundamental needs of inmates such as food, shelter, clothing, and medical care are provided during the period of incarceration. Therefore, this Court cannot conclude that the decision to suspend incarcerated felons' benefits was without rational justification. *Washington v. Secretary of Health and Human Services,* 718 F.2d 608, 611 (3rd Cir.1983); *Cobb v. Secretary of Health and Human Services,* No. 81–60224 (E.D.Mich. July 21, 1982); *Moreno v. Schweiker,* No. 82–180 PHX–WECC (D.Ariz. July 8, 1982).

Plaintiff's second argument is that Section 402(x) constitutes a bill of attainder in violation of Article I Section 9 of the United States Constitution. A bill of attainder is a legislative act which imposes punishment without benefit of a judicial trial. *United States v. Lovett,* 328 U.S. 303, 315, 66 S.Ct. 1073, 1078, 90 L.Ed. 1252 (1946), quoting *Cummings v. State of Missouri,* 4 Wall. 277, 323, 18 L.Ed. 356 (1867). When an individual or a group claims that a disqualification or suspension from governmental benefits amounts to the imposition of a punishment by the legislature, the courts must examine the source of the legislative concern in establishing the disqualification. *Flemming v. Nestor,* 363 U.S. at 613–14, 80 S.Ct. at 1373–74.

Where the source of legislative concern can be thought to be the activity or status from which the individual is barred, the disqualification is not punishment even though it may bear harshly upon one affected. The contrary is the case where the statute in question is evidently aimed at the person or class of persons disqualified.

*Id.* at 614, 80 S.Ct. at 1374. Here, as in *Nestor,* the denial of a noncontractual government benefit cannot be said to amount to a punishment. The Congress clearly focused on the fact of incarceration in determining suspension of disability benefits. Although the impact on plaintiff may be harsh, he has not succeeded in establishing that Congress' desire was obviously aimed at the plaintiff or individuals similarly situated to plaintiff. As discussed above, the Court is convinced that one of the major reasons that Congress provided for the suspension of disability benefits while felons are incarcerated is that their needs are already provided for by the government.

In accordance with the above discussion, defendant's motion for summary judgment is hereby GRANTED and this case is ORDERED DISMISSED.