Michael GREENWELL and Willie Lott

v.

Harry N. WALTERS, Administrator of the Veterans Administration.

No. 82–3145.

United States District Court,
M. D. Tennessee,
Nashville Division.

Sept. 26, 1984.

Susan L. Kay, Vanderbilt Legal Clinic, Nashville, Tenn., for plaintiffs.

Joe Brown, U.S. Atty., Nashville, Tenn., for defendant.

## MEMORANDUM AND ORDER

JOHN T. NIXON, District Judge.

This action, brought by Michael Green-well and Willie Lott, seeks to declare un-

constitutional 38 U.S.C. § 1682(g),[1] which limits educational benefits for a veteran, who is incarcerated in a federal, state, or local institution, to the cost of tuition, fees, and supplies, thereby denying them the subsistence benefits to which they would be otherwise entitled had they not been incarcerated. This provision also limits veterans' benefits to the extent that the incarcerated veterans' costs are paid by other federal, state, or local government agencies. This case is before the Court on cross-motions for summary judgment. For the reasons stated below, plaintiffs' motion for summary judgment is DENIED and defendant's motion for summary judgment is hereby GRANTED.

In their attack on the constitutionality of Section 1682(g), plaintiffs maintain that the provision violates the Due Process Clause of the Fifth Amendment and constitutes a bill of attainder in violation of Article I Section 9 of the United States Constitution. Plaintiffs ask for a permanent injunction so that they may receive the full educational benefits available to nonincarcerated veterans.

■ Plaintiffs maintain that Section 1682(g) denies plaintiffs equal protection of the law in violation of the Fifth Amendment.[2] There is no express constitutional requirement of equal protection applicable to the federal government, but the Supreme Court has inferred such a requirement from the Due Process Clause of the Fifth Amendment. *Johnson v. Robison,* 415 U.S. 361, 364 n. 4, 94 S.Ct. 1160, 1164 n. 4, 39 L.Ed.2d 389 (1974). The threshold question in traditional equal protection analysis is whether the strict scrutiny, *United States v. Carolene Products Co.,* 304 U.S. 144, 152 n. 4, 58 S.Ct. 778, 783 n. 4, 82 L.Ed. 1234 (1938), "middle-tier" *Craig v. Boren,* 429 U.S. 190, 197–98, 97 S.Ct. 451, 456–57, 50 L.Ed.2d 397 (1976), or rational basis standard, *Richardson v. Belcher,* 404 U.S. 78, 81, 92 S.Ct. 254, 257, 30 L.Ed.2d 231 (1971), of review should be used to measure the propriety of governmental action. In the instant case, the plaintiffs acknowledge that they are not entitled to a strict scrutiny standard but argue that prisoners are entitled to the intermediate level of review because they are politically powerless. There is, however, no authority for the proposition that prisoners are entitled to the strict scrutiny or intermediate standard of review. The Supreme Court has limited the intermediate level of review to no more than two situations: classification based on sex and perhaps classification based on illegitimacy. *See Craig v. Boren,* 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976); *Trimble v. Gordon,* 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d

1. Plaintiffs' complaint attacks the constitutionality of 38 U.S.C. §§ 1682(g), 1780(a)(6). Since the filing of this suit, Congress made several amendments to the provisions which do not affect the issues raised in this suit. The amendments eliminated 38 U.S.C. § 1780(a)(6) and essentially incorporated the provision into 38 U.S.C. § 1682(g)(1) and made other minor alterations.

2. 38 U.S.C. § 1682(g) provides:
 (1) Subject to the provisions of paragraph (2) of this subsection, the amount of the educational assistance allowance paid to an eligible veteran who is pursuing a program of education under this chapter while incarcerated in a Federal, State, or local penal institution for conviction of a felony may not exceed such amount as the Administrator determines, in accordance with regulations which the Administrator shall prescribe, is necessary to cover the cost of established charges for tuition and fees required of similarly circum-stanced nonveterans enrolled in the same program and to cover the cost of necessary supplies, books, and equipment, or the applicable monthly educational assistance allowance prescribed for a veteran with no dependents in subsection (a)(1) or (c)(2) of this section or section 1787(b)(1) of this title, whichever is the lesser. The amount of the educational assistance allowance payable to a veteran while so incarcerated shall be reduced to the extent that the tuition and fees of the veteran for any course are paid under any Federal program (other than a program administered by the Administrator) or under any State or local program.
 (2) Paragraph (1) of this subsection shall not apply in the case of any veteran who is pursuing a program of education under this chapter while residing in a halfway house or participating in a work-release program in connection with such veteran's conviction of a felony.

31 (1977). *See also Schweiker v. Wilson,* 450 U.S. 221, 101 S.Ct. 1074, 67 L.Ed.2d 186 (1981). Therefore, the Court concludes that the proper standard for evaluating the constitutionality of the denial of full veterans' educational benefits to plaintiffs is the rational basis test. *Johnson v. Robison,* 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974).

The Supreme Court established the standard for the rational basis test in *Richardson v. Belcher:* "[i]f the goals sought are legitimate, and the classification adopted is rationally related to the achievement of those goals, then the action of Congress is not so arbitrary as to violate the Due Process Clause of the Fifth Amendment." 404 U.S. at 84, 92 S.Ct. at 258. In this case Congress enacted the provision to reduce duplicative payments of government benefits to incarcerated veterans and to reduce funds that were being used to purchase narcotics in prison. 1980 U.S.Code Cong. and Ad.News 4555, 4604–05. Plaintiffs recognize that it was Congress' intent to reduce duplicative payments for individuals who receive educational assistance from other sources, but plaintiffs maintain that veterans have earned their benefits regardless of any other assistance that they may be receiving. Because eligibility for veterans' educational benefits has never been based on need, plaintiffs further maintain that discontinuing the benefits for incarcerated veterans because the state provides for their subsistence amounts to an arbitrary and irrational classification.

 Congress need not be perfectly consistent, fair, or effective in order to satisfy the rational basis test; the legislation simply must bear a rational relation to the ends sought. *Dandridge v. Williams,* 397 U.S. 471, 486, 90 S.Ct. 1153, 1162, 25 L.Ed.2d 491 (1970). Congress has extensive power in determining how veterans' benefits should be allocated. *Cleland v. National College of Business,* 435 U.S. 213, 220–21, 98 S.Ct. 1024, 1028–29, 55 L.Ed.2d 225 (1978). The challenged provision in this case is designed to reduce duplication of governmental payments to incarcerated veterans and to reduce funds available to purchase contraband in prison. As such, it clearly satisfies the rational relationship test. The burden is on plaintiffs to prove that denial of educational subsistence benefits to convicted and incarcerated felons is arbitrary and without rational justification. The Court concludes that government had a legitimate interest in promulgating the provision and that plaintiff has not satisfied this burden.

 Plaintiffs' final argument is that Section 1682(g) constitutes a bill of attainder in violation of Article I Section 9 of the United States Constitution. A bill of attainder is a legislative act which imposes punishment without benefit of a judicial trial. *United States v. Lovett,* 328 U.S. 303, 315, 66 S.Ct. 1073, 1078, 90 L.Ed. 1252 (1946) (quoting *Cummings v. State of Missouri,* 4 Wall. 277, 323, 18 L.Ed. 356 (1867)). When an individual or a group claims that a disqualification or suspension from governmental benefits amounts to the imposition of a punishment by the legislature, the courts must examine the source of the legislative concern in establishing the disqualification. *Flemming v. Nestor,* 363 U.S. 603, 614, 80 S.Ct. 1367, 1374, 4 L.Ed.2d 1435 (1960).

> Where the source of legislative concern can be thought to be the activity or status from which the individual is barred, the disqualification is not punishment even though it may bear harshly upon one affected. The contrary is the case where the statute in question is evidently aimed at the person or class of persons disqualified.

*Id.*

 Here, as in *Nestor,* the denial of a noncontractual government benefit cannot be said to amount to a punishment. Congress clearly focused on the fact of incarceration in determining denial of subsistance benefits. Although the impact on plaintiffs may be harsh, they have not succeeded in showing that Congress' desire was aimed at the plaintiffs or individuals similarly situated to plaintiffs. As discussed above, the Court is convinced that

one of the major reasons that Congress provided for the denial of subsistence benefits to veterans while they are incarcerated is that their needs are already provided for by government.

The Court concludes that Section 1682(g) is constitutional and that the position of plaintiffs is without merit. The Court thus DENIES summary judgment for plaintiffs and GRANTS summary judgment for defendant.