768 F.2d 1152
 10 Soc.Sec.Rep.Ser. 301, Unempl.Ins.Rep. CCH 16,209
A. Paolo BUCCHERI-BIANCA, Plaintiff-Appellant,
v.
Margaret HECKLER, Secretary of Health and Human Services;
Social Security Administration; Edna-Canty Jones, Chief,
Reconsideration & Disability Review Board; Jane Doe, John
Doe, et al.; Department of Health & Human Services; Social
Security Administration, Salt Lake City, Defendants-Appellees.
 No. 85-1019.
 United States Court of Appeals,
Tenth Circuit.
 July 16, 1985.
 
 A. Paolo Buccheri-Bianca, pro se.
 Brent D. Ward, U.S. Atty., and Kathleen B. Barrett, Asst. U.S. Atty., Salt Lake City, Utah, for defendants-appellees.
 Before LOGAN and MOORE, Circuit Judges, and BALDOCK, District Judge.*
 PER CURIAM.
 
 
 1
 This three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal from a district court order dismissing plaintiff's action challenging the constitutionality of 42 U.S.C. Sec. 402(x).
 
 
 3
 Plaintiff is a prisoner in the Utah State Prison. On July 13, 1983, the Secretary of the Department of Health and Human Services (Secretary) sent plaintiff a letter informing him that his social security retirement benefits would be suspended because he was a confined felon. Apparently the Secretary relied on 42 U.S.C. Sec. 402(x),[1] which provides there shall be no payment of benefits to a convicted felon confined in a prison who is not actively participating in a court-approved rehabilitation program. Plaintiff's request to the Secretary for reconsideration was denied. Thereafter, plaintiff entered into an agreement with the Secretary for an expedited appeal to the district court pursuant to 20 C.F.R. Secs. 404.923-.928. The parties stipulated that "[t]he sole issue in dispute is the constitutional application of section 339 of Public Law 98-21, April 20, 1983, [42 U.S.C. Sec. 402(x) ] which extended the provisions of Public Law 96-473 [42 U.S.C. Sec. 423(f) (now repealed) ] to persons receiving retirement and/or survivors benefits," and that plaintiff accepted the factual determinations of the Secretary as contained in the reconsideration determination.
 
 
 4
 Plaintiff then commenced this action in the district court alleging jurisdiction under the Fifth, Eighth, and Fourteenth Amendments; 28 U.S.C. Secs. 1331(a) and 1343(1), (2), (3), and (4); 42 U.S.C. Secs. 1981, 1983, and 1985; and 18 U.S.C. Secs. 241 and 242. Plaintiff claimed that defendants violated his constitutional and civil rights by suspending his social security retirement benefits.
 
 
 5
 The district court construed plaintiff's pro se complaint as a request for judicial review of the Secretary's final decision pursuant to 42 U.S.C. Sec. 405(g). See Jensen v. Schweiker, 709 F.2d 1227, 1229 (8th Cir.1983). In its final order, the district court stated:
 
 
 6
 "All courts that have addressed the question [of the constitutionality of the virtually identically worded predecessor of Sec. 402(x), 42 U.S.C. Sec. 423(f)[2] ] have held that Sec. 423(f) is constitutional. See Washington v. Secretary of Health and Human Services, 718 F.2d 608 (3d Cir.1983); Pace v. United States, 585 F.Supp. 399 (S.D.Tex.1984); Anderson v. Social Security Administration, Dept. of Health and Human Services, 567 F.Supp. 410 (D.Colo.1983).... The single court to address the issue of whether Sec. 402(x), the successor of Sec. 423(f), is constitutional held that it is, and stated that the fact that Sec. 402(x) replaced Sec. 423(f) during the pendency of that lawsuit had no impact. Hopper v. Schweiker, [596 F.Supp. 689 (M.D.Tenn.1984) ]. Therefore, the courts' upholding of Sec. 423(f) as constitutional applies with equal force to Sec. 402(x)."
 
 
 7
 Buccheri-Bianca v. Hinkle, No. 84-0764W, slip op. at 3-4 (D.Utah Dec. 27, 1984). The district court concluded plaintiff could make no rational legal argument in support of his claims and dismissed the action as frivolous within the meaning of 28 U.S.C. Sec. 1915(d).
 
 
 8
 On appeal, plaintiff contends that (1) he is entitled to social security retirement benefits because the benefits were earned and placed into a trust by him; (2) Sec. 402(x) violates his constitutional rights by suspending his benefits while he is in prison; and (3) the payment of benefits while in prison will prevent him from becoming a burden on the community when he is released.
 
 
 9
 Participation in the social security system is a noncontractual social welfare benefit. See Weinberger v. Salfi, 422 U.S. 749, 768, 95 S.Ct. 2457, 2468, 45 L.Ed.2d 522 (1975); Flemming v. Nestor, 363 U.S. 603, 611, 80 S.Ct. 1367, 1373, 4 L.Ed.2d 1435 (1960). Social security recipients' benefits are not dependent on the amount that they have paid into the social security system by taxation. See Washington v. Secretary of Health and Human Services, 718 F.2d 608, 610 (3d Cir.1983). Furthermore, although social security is an earned benefit program, Congress has wide latitude to create classifications for the allocation of benefits. See Califano v. Goldfarb, 430 U.S. 199, 210, 97 S.Ct. 1021, 1028, 51 L.Ed.2d 270 (1977); Salfi, 422 U.S. at 776-77, 95 S.Ct. at 2472-73.
 
 
 10
 A statutory classification providing for noncontractual social security benefits will be considered unconstitutional only if the classification is patently arbitrary, utterly lacking in rational justification. See Salfi, 422 U.S. at 768, 95 S.Ct. at 2468; Nestor, 363 U.S. at 611, 80 S.Ct. at 1373. If the goals sought are legitimate and the classification adopted is rationally related to achievement of those goals, then the classification is not arbitrary. See Salfi, 422 U.S. at 769, 95 S.Ct. at 2468. Plaintiff has the burden to prove that the suspension of benefits to incarcerated felons not participating in court-approved rehabilitation programs is arbitrary and lacking in rational justification.
 
 
 11
 The goal of social security is to replace a worker's lost earnings. See S.Rep. No. 987, 96th Cong., 2d Sess. 5, reprinted in 1980 U.S.Code Cong. & Ad.News 4787, 4794 (legislative history of 42 U.S.C. Sec. 423(f) ); Anderson v. Social Security Administration, 567 F.Supp. 410, 412 (D.Colo.1983). Because a confined felon, such as plaintiff, is maintained at public expense, he has no need for a continuing source of social security income. See S.Rep. No. 987,supra; Washington, 718 F.2d at 611.
 
 
 12
 Suspension of benefits to confined felons who are not participating in rehabilitation programs is consistent with the goal of the social security program to alleviate economic hardship. Plaintiff has failed to persuade us that Sec. 402(x)'s classification scheme is either arbitrary or without rational justification. See Washington, 718 F.2d at 611. Furthermore, we see nothing in Sec. 402(x) that would prevent plaintiff from making a renewed application for benefits upon admission to a rehabilitation program or release from custody. See id.
 
 
 13
 Plaintiff also contends the magistrate or district court acted prejudicially by denying plaintiff a hearing and dismissing the action as frivolous. The record does not support this allegation.
 
 
 14
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 Honorable Bobby R. Baldock, United States District Judge for the District of New Mexico, sitting by designation
 
 
 [1]
 42 U.S.C. Sec. 402(x)(1) provides:
 (1) Notwithstanding any other provision of this subchapter, no monthly benefits shall be paid under this section or under section 423 of this title to any individual for any month during which such individual is confined in a jail, prison, or other penal institution or correctional facility, pursuant to his conviction of an offense which constituted a felony under applicable law, unless such individual is actively and satisfactorily participating in a rehabilitation program which has been specifically approved for such individual by a court of law and, as determined by the Secretary, is expected to result in such individual being able to engage in substantial gainful activity upon release and within a reasonable time.
 
 
 [2]
 42 U.S.C. Sec. 423(f)(1) (now repealed) provided:
 "Notwithstanding any other provision of this subchapter, no monthly benefits shall be paid under this section, or under section 402(d) of this title by reason of being under a disability, to any individual for any month during which such individual is confined in a jail, prison, or other penal institution or correctional facility, pursuant to his conviction of an offense which constituted a felony under applicable law, unless such individual is actively and satisfactorily participating in a rehabilitation program which has been specifically approved for such individual by a court of law and, as determined by the Secretary, is expected to result in such individual being able to engage in substantial gainful activity upon release and within a reasonable time."