Gene Sexton CLARY, Administratrix of
the Estate of Wilton W.
Clary, Plaintiff,

v.

Otis R. BOWEN, Secretary of Health
and Human Services, Defendant.

Civ. A. No. A–C–85–439.

United States District Court,
W.D. North Carolina,
Asheville Division.

July 9, 1986.

Toms & Bazzle, P.A. by James H. Toms and Ervin W. Bazzle, Hendersonville, N.C., for plaintiff.

Charles R. Brewer, U.S. Atty. by Clifford C. Marshall, Asst. U.S. Atty., Asheville, N.C., for defendant.

## MEMORANDUM OF DECISION

SENTELLE, District Judge.

Plaintiff brought this action pursuant to Section 205(g) of the Social Security Act, as amended, [42 U.S.C. § 405(g)] to obtain judicial review of a final decision of the Secretary of Health and Human Services. The Secretary determined that the plaintiff's entitlement to retirement insurance benefits was properly suspended in May of 1983, that the plaintiff was overpaid $2,036.00 in retirement benefits for the period May to August, 1983, and that the plaintiff was not entitled to a waiver of recovery of said overpayment under § 204(b) of the Act, as amended [42 U.S.C. § 404(b)]. This Court finds that there is substantial evidence to support the Secretary's findings and affirms the decision.

The plaintiff [1] had filed an application for retirement insurance benefits on May 8, 1978. He began receiving benefits in August of 1978. On April 27, 1981, a judgment and commitment was entered in the Superior Court of North Carolina which found the plaintiff guilty of first degree murder, a felony, and plaintiff was sentenced to a life term in prison. In June of 1983, the Department of Health and Human Services informed plaintiff that his retirement benefits entitlement ended in May of 1983, pursuant to Public Law 98–21, 42 U.S.C. § 402(x), which became effective May 1, 1983. Title 42, U.S.C., Section 402(x) provides:

(1) Notwithstanding any other provision of this subchapter, no monthly benefits shall be paid under this section or under section 423 of this title to any individual for any month during which such individ-

---

**1.** For purposes of brevity, "plaintiff" herein refers to the deceased claimant, rather than his administratrix, unless the context clearly indicates otherwise.

ual is confined in a jail, prison, or other penal institution or correctional facility, pursuant to his conviction of an offense which constituted a felony under applicable law, unless such individual is actively and satisfactorily participating in a rehabilitation program which has been specifically approved for such individual by a court of law and, as determined by the Secretary, is expected to result in such individual being able to engage in substantial gainful activity upon release and within a reasonable time.

The plaintiff's request for reconsideration was denied, whereupon plaintiff requested a hearing. Pursuant to plaintiff's request, a hearing was held on November 22, 1984, where this decision on appeal was entered. The Appeals Council declined review, thereby affirming the decision making it a final decision capable of this Court's review. Plaintiff is now deceased and his estate is represented by counsel.

Plaintiff asserts several points of error, none of which are well taken. Plaintiff asserts that the evaluations, findings and actions of the Administrative Law Judge and the subsequent affirmation by the Appeals Council and the Secretary of Health and Human Services by declining to review the case are not based on substantial evidence and are contrary to law and fact.

█ First, plaintiff asserts that he was actively and satisfactorily participating in a rehabilitation program within the meaning of Section 202(x) of the Social Security Act which was expected to result in his being able to engage in substantial gainful employment upon release. The Secretary contends, it appears to this Court correctly, that the § 202(x) exception is applicable only to beneficiaries of disability insurance benefits and not to beneficiaries of retirement and survivors' insurance benefits. *Zipkin v. HHS*, 790 F.2d 16 (2nd Cir.1986). However, even if the provision were applicable to retirement beneficiaries, plaintiff's case would not come within the exception by its terms. The Secretary's findings, supported by competent evidence, establish that plaintiff was involved in tutoring other inmates in preparation for GED diplomas and general adult educational courses. Plaintiff had been recognized for his achievements in this tutoring. While this is a very worthwhile effort, Section 202(x) clearly states that for a claimant to collect benefits under Title II of the Social Security Act while incarcerated as a felon, he must be participating in a rehabilitation program which has been specifically approved for such individual. There is no evidence that this tutoring had been a specifically approved program for plaintiff. The plaintiff then fails to comply with requirements that would entitle him to the retirement payments for the months of May to August, 1983.

In addition, Section 202(x) requires that even if the claimant is participating in a specifically approved program, the Secretary must determine that the rehabilitation program is expected to result in the claimant being able to engage in substantial gainful activity upon release and within a reasonable time. The Secretary found that the possibility of a work release program in four (4) years (6 years after suspension) did not meet this requirement. Four (4) years, the Secretary found, was not a "reasonable time" for a claimant to receive these retirement benefits when the activities he participated in taught him no new vocational skills but merely provided the claimant with ways to fill his time. There is substantial evidence to support this finding. Plaintiff reported that he was a high school graduate with two (2) years of college. There is no showing that these tutoring sessions for high school GED's expanded his marketable skills, and the possibility of work release was speculative at best.

Next, plaintiff asserts that Section 204(b) of the Social Security Act does not speak directly to Old Age Benefits but is designed to recoup other overpayments. If this section does apply to plaintiff, then plaintiff asserts that there is no fault on his part as required for recoupment.

Section 204(a) provides:

Whenever the Secretary finds that more or less than the correct amount of pay-

ment has been made to any person under this subchapter, proper adjustment or recovery *shall be made,* under regulations prescribed by the Secretary, ...

(i) ... shall require such overpaid person or his estate to refund the amount in excess of the correct amount ...

(Emphasis added.)

Section 204(b) provides:

In any such case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault *if* such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience.

(Emphasis added.)

■ Clearly, this section speaks to all payments made under the subsection which includes retirement insurance payments. There is "no reason why prisoners whose retirement benefits are suspended would have a need for replacement income while prisoners whose disability benefits are suspended do not." *Zipkin, supra.*

■ As far as fault is concerned, the Secretary found that there was at least constructive fault on the part of the plaintiff as he was an educated and literate man who knew or should have known that Social Security regulations preclude payments to persons incarcerated as felons. There is substantial evidence to support this finding. The regulations are available to the general public. The plaintiff, having applied for benefits, knew that the entitlement to benefits is dependent on several factors. Plaintiff should at least have questioned whether he, in prison with all his essential needs taken care of, was entitled to the retirement funds designed to help him survive in his old age and afford necessities.

■ Even if plaintiff were completely faultless, however, he would not then automatically be entitled to a waiver of repayment of overpayments. A waiver is simply that, a *waiver.* Repayment under § 204(c)

is the general rule. The Secretary gives a waiver only on the fulfillment of *two* conditions—(1) absence of fault *and* (2) that repayment would defeat the purpose of the section. Leaving fault aside for now, it is clear that recoupment of overpayment from the plaintiff does not defeat the purpose of the section. Plaintiff, while confined, had all his essential needs taken care of. The retirement benefits exist to provide income to those who because of age may not be able to provide for themselves. Since the state provides for incarcerated felons at public expense, this purpose is not defeated. Since the plaintiff has died, it becomes a question of whether or not recoupment from the estate will defeat the purpose of the section. By Mrs. Clary's own testimony, she has $90,000 of liquid assets and herself receives a small monthly income from Social Security. There is substantial evidence to support the finding that the purpose of the section will not be defeated by recouping this money from the estate. Mrs. Clary will not be deprived of life's essentials.

■ Plaintiff next asserts some vague constitutional arguments. Plaintiff asserts that § 202(x) is unconstitutional as applied to him. It has been well settled that there is no equal protection violation in the rehabilitation exception of § 202(x). *Greenwell v. Walters,* 596 F.Supp. 693 (M.D.Tenn. 1984); *Zipkin, supra* at 18. This section is rationally related to preserving scarce social security resources while providing an incentive to prisoners who would otherwise be denied benefits to participate in a rehabilitation program expected to result in substantial gainful activity upon release. *Id.*

■ Plaintiff asserts that the statute is unconstitutional as it deprives him of a vested property right. The Social Security participation is a noncontractual benefit under a social welfare program. *Washington v. HHS,* 718 F.2d 608 (3rd Cir.1983). The program is an earned one. Congress can fix levels of benefits and set conditions upon which they are to be paid. *Washington, supra* at 610. Plaintiff does not

deny being an incarcerated felon. He simply claims that once he earns the right to receive the benefits he should continue receiving benefits. Plaintiff had an opportunity for hearing wherein it was established that he was in fact a felon, and that none of the waiver requirements were met. The suspension of retirement benefits to an incarcerated felon is no different from the termination of auxiliary benefits, pursuant to 42 U.S.C. § 402(d)(1), due to change in economic conditions such as the marriage of a dependent child or the divorce of a dependent spouse. *Zipkin, supra* citing *Califano v. Jobst*, 434 U.S. 47, 53, 98 S.Ct. 95, 99, 54 L.Ed.2d 228 (1977). There are no due process violations where Congress redefines by statute who should receive welfare funds. That, along with the statute itself being rationally related to a legitimate state interest, defeats plaintiff's vaguely alleged equal protection and due process violation claims.

The Secretary's decision is AFFIRMED.