805 F.2d 1036
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth SCHLOMANN, Plaintiff-Appellant,
v.
Martha McSTEEN, et al., Defendants-Appellants.
 No. 86-1359.
 United States Court of Appeals, Sixth Circuit.
 Oct. 20, 1986.
 
 Before ENGEL, JONES and KRUPANSKY, Circuit Judges.
 
 ORDER
 
 1
 Kenneth H. Schlomann timely filed this pro se appeal from the Order of the district court dismissing his civil rights complaint. Before the Court is Schlomann's motion for appointment of counsel. Schlomann also has filed an Informal Brief. This case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the motion, the record, and Schlomann's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Schlomann is an army prisoner at the federal penitentiary in Milan, Michigan, who has served 22 years of a 42-year court-martial sentence. He alleges in his complaint that he was awarded social security disability benefits in November, 1975, as a result of a severe head injury he received in the penitentiary in Leavenworth, Kansas. In August, 1983, the Social Security Administration notified Schlomann that his benefits had been suspended effective October, 1980, pursuant to 42 U.S.C. Sec. 402(x)(1). Following his unsuccessful appeal through the administrative process, Schlomann brought this action against Martha McSteen, Acting Commissioner of the Social Security Administration, and Roderick Wooten, a Claims Representative in the Social Security office in Ann Arbor, Michigan, alleging that they violated his civil rights when they terminated or suspended his social security disability benefits in August, 1983. He sought restoration of his benefits pursuant to 42 U.S.C. Sec. 400 et seq.; a declaration by the Court that 42 U.S.C. Sec. 402(x)(1) is unconstitutional; and compensatory and punitive damages for the harassment and mental anguish he allegedly suffered as a result of the benefits termination or suspension. On motion by the defendants, the district court dismissed the complaint on January 28, 1986, for failure to state a claim upon which relief could be granted.
 
 
 3
 Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" (Haines v. Kerner, 404 U.S. 519, 520 (1972)), and they should not be dismissed for failure to state a claim "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). There appears to be no set of facts which would entitle Schlomann to relief in this case.
 
 42 U.S.C. Sec. 402(x)(1) provides:
 
 4
 Notwithstanding any other provision of this subchapter, no monthly benefits shall be paid under this section or under section 423 of this title to any individual for any month during which such individual is confined in jail, prison, or other penal institution or correctional facility, pursuant to his conviction of an offense which constituted a felony under applicable law, unless such individual is actively and satisfactorily participating in a rehabilitation program which has been specifically approved for such individual by a court of law and, as determined by the Secretary, is expected to result in such individual being able to engage in substantial gainful activity upon release and within a reasonable time.
 
 
 5
 Schlomann contends that Sec. 402(x)(1) should be declared unconstitutional because it constitutes a bill of attainder, is an ex post facto law, and it violates the due process and equal protection clauses. This claim is without merit. The constitutionality of 42 U.S.C. Sec. 402(x)(1) has been established by case law. The district court correctly relied on the Eighth Circuit's decision in Jensen v. Heckler, 766 F.2d 382 (8th Cir.) (per curiam), cert. denied, 106 S.Ct. 311 (1985), wherein it was stated:
 
 
 6
 In analyzing [plaintiff's] due process/equal protection challenge that the statute creates an irrational classification by suspending disability benefits to incarcerated felons, ... the Supreme Court has held that social security benefits are noncontractual benefits and that the Due Process Clause can be thought to interpose a bar only if the statute manifests a patently arbitrary classification, utterly lacking in rational justification. Flemming v. Nestor, 363 U.S. at 611, 80 S.Ct. at 1373. * * *
 
 
 7
 [T]he suspension of benefits to incarcerated felons who are not participating in an approved rehabilitation program is rationally related to the Social Security Act's policy of compensating for a loss of earnings without providing a disincentive for rehabilitation.
 
 
 8
 Id. at 385. Also see Buccheri-Bianca v. Heckler, 768 F.2d 1152 (10th Cir.1985); Hopper v. Schweiker, 596 F.Supp. 689 (M.D.Tenn.1984).
 
 
 9
 Schlomann's bill of attainder and ex post facto arguments are equally without merit. A bill of attainder is a legislative act which imposes punishment on a person or class of persons without the benefit of a judicial trial. United States v. Lovett, 328 U.S. 303 (1946), quoting Cummings v. State of Missouri, 4 Wall. 277, 323, 18 L.Ed. 356 (1867). "The mark of an ex post facto law is the imposition of what can fairly be designated punishment for past acts. DeVeau v. Braisted, 363 U.S. 144, 160 (1960). The Supreme Court has stated that:
 
 
 10
 [t]he question in each case where unpleasant consequences are brought to bear upon an individual for prior conduct, is whether the legislative aim was to punish that individual for past activity, or whether the restriction of the individual comes about as a relevant incident to a regulation of a present situation ...
 
 
 11
 DeVeau v. Braisted, supra. In Flemming v. Nestor, supra, the Supreme Court held that the suspension of noncontractual government benefits does not constitute punishment within the meaning of the bill of attainder clause. Therefore, the suspension of benefits in this case is not punishment and Sec. 402(x)(1) constitutes neither a bill of attainder nor a ex post facto law. As the court stated in Anderson v. Social Security Administration, Dept. of Health and Human Services, 567 F.Supp. 410 (D.Colo.1983):
 
 
 12
 Benefits will become available again to the plaintiff when the ... [government] is no longer responsible for providing his food, clothing, shelter and other necessities. There is also an opportunity to have the benefits reinstated while still incarcerated if he becomes eligible through participation in a court approved rehabilitation program. * * * These factors cannot be characterized as punitive.
 
 
 13
 567 F.Supp. at 413. The district court found that Schlomann made no allegation in his complaint that he is in any type of rehabilitation program. He does allege, however, that because he is a military prisoner he is denied the benefit of the court approved rehabilitation program because he has no sentencing judge, but rather is in prison as a result of court-martial. The statute specifies that the rehabilitation program must be approved by a court of law, not necessarily by a sentencing judge. Further, the Secretary must determine that the program is expected to result in the prisoner being able to engage in substantial gainful activity upon release within a reasonable time. Schlomann does not allege, neither does the record show, that he is eligible for a rehabilitation program under the statute. There has been no suggestion that he will be released in the foreseeable future, or that a rehabilitation program would result in his being able to engage in substantial gainful activity upon release.
 
 
 14
 The district court correctly dismissed Schlomann's complaint for failure to state a claim upon which relief can be granted. Accordingly, it is ORDERED that the motion for appointment of counsel is denied, and the judgment of the district court is affirmed. Sixth Circuit Rule 9(d)(3).