826 F.2d 1062
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William O. BEVINS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 86-6308
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1987.
 ORDER
 
 1
 Before KEITH, Circuit Judge, PECK, Senior Circuit Judge, and DOWD, District Judge.*
 
 
 2
 This matter has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 The plaintiff is a Kentucky prisoner presently confined on death row at Eddyville State Penitentiary, Eddyville, Kentucky. On February 8, 1984, he was notified by the defendant that he no longer qualified for retirement benefits due to his imprisonment and nonparticipation in any court-approved rehabilitation program. After the plaintiff had exhausted the administrative remedies provided by the defendant, he brought suit in district court to challenge the constitutionality of 42 U.S.C. Sec. 402(x). To support his challenge, the plaintiff argued that Sec. 402(x) was in effect a bill of attainder which worked to deny his contractual right to retirement benefits in violation of the due process clause of the fifth amendment. Upon the recommendation of the magistrate, the district court granted the defendant summary judgment. Rule 56, Federal Rules of Civil Procedure.
 
 
 4
 Having reviewed the record and the parties' briefs on appeal, we conclude that no abuse of discretion was committed by the district court. Summary judgment was properly granted the defendant. No genuine issue of material fact existed; the parties concede as much. The defendant, furthermore, was entitled to judgment as a matter of law. Existing case law is squarely on point against the plaintiff on all points. See Fleming v. Nestor, 363 U.S. 603, 610 (1960); Caldwell v. Heckler, No. 86-1864, slip op. at 2 (6th Cir. February 10, 1987); Buccheri-Bianca v. Heckler, 768 F.2d 1152, 1154 (10th Cir. 1985) (social security retirement benefits); Jensen v. Heckler, 766 F.2d 383, 385 (8th Cir. 1985), cert. denied, 106 S.Ct. 311 (1986) (disability benefits); Washington v. Secretary of Health and Human Services, 718 F.2d 608, 610 (3d Cir. 1983) (disability benefits); Hopper v. Schweiker, 596 F.Supp. 689 (M.D. Tenn. 1984), aff'd, Hopper v. Secretary, 780 F.2d 1021 (6th Cir. 1985) (disability benefits).
 
 
 5
 Therefore, without further elaboration, the order of the district court entered October 28, 1986, is affirmed for the reasons set forth in the magistrate's supplemental report and recommendation of September 11, 1986. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David D. Dowd, Jr., U.S. District Judge for the Northern District of Ohio, sitting by designation